125 Ill. App.3d 859 (1984)
466 N.E.2d 1328
In re T.M., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
T.M., Respondent-Appellant).
No. 3-83-0640.
Illinois Appellate Court  Third District.
Opinion filed July 25, 1984.
Robert Agostinelli and Frank W. Ralph, both of State Appellate Defender's Office, of Ottawa, for appellant.
*860 John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
JUSTICE HEIPLE delivered the opinion of the court:
On August 29, 1983, the minor entered admissions to two delinquency petitions and was adjudged a delinquent minor. Prior to his dispositional hearing, the minor was arrested and interrogated concerning a burglary and theft not related to the delinquency petitions. After waiving his Miranda rights, the minor confessed to the burglary and theft. The minor was not charged, but the confession was used at his dispositional hearing over the objection of counsel. The minor was committed to the Department of Corrections (D.O.C.).
On appeal, the minor argues: (1) that his confession should not have been admitted at the dispositional hearing because he did not waive his sixth amendment right to counsel; and (2) his commitment to the D.O.C. was improper because the social investigative report did not inform the trial judge of sentencing alternatives. We affirm.
 1 Generally, the sixth amendment right to counsel applies only to interrogations pertaining to offenses for which a defendant has already been charged. This right does not extend to an interrogation about an unrelated offense for which the defendant has not been charged. (See, e.g., United States v. Masullo (2d Cir.1973), 489 F.2d 217, 223.) However, where questioning in an unrelated offense has been engineered to create evidence to be used at the trial of the charged offense, the right to counsel applies during questioning. United States v. Moschiano (7th Cir.1982), 695 F.2d 236; United States v. Anderson (5th Cir.1975), 523 F.2d 1192.
In Maschiano, the defendant's uncounseled post-indictment statements were used against him at trial. The court of appeals held that the statements were admissible because they were elicited during investigation of a crime independent of and occurring after the crime for which the defendant was being tried. In contrast, Anderson involved uncounseled post-indictment statements obtained during an undercover sting operation designed to provide the State with evidence to use at trial for a previously charged offense. We find the present case to be distinguishable from Anderson and more similar to Maschiano.
 2 Here, the police were conducting an independent investigation in order to solve two crimes unrelated to the minor's prior offenses charged in the delinquency petitions. There was no sting operation nor was the confrontation between the police and the minor engineered *861 for the purpose of creating evidence to be used at the dispositional hearing. Under these circumstances, there was no sixth amendment right to counsel, and the confession was admissible at the dispositional hearing.
 3, 4 Next, the minor argues that he should be given a new dispositional hearing because the social investigative report did not contain information about special resources which might assist in the minor's rehabilitation. Section 5-1(3) of the Juvenile Court Act (Ill. Rev. Stat. 1981, ch. 37, par. 705-1(3)) requires only that the social investigative report contain information about special resources known to the investigating officer. Although the report did not list all alternative placements, the court was made aware of such information via in-court testimony. Thus, any technical defect in the report was of no consequence.
The report discussed the possibility of placing the minor with an aunt but rejected this alternative because the aunt, believing that the minor was in need in psychiatric help, did not wish to care for him at this time. At trial the investigator testified that placement at Rosencrance Memorial was also considered and rejected because the minor had refused to cooperate with staff members during a previous stay. The investigator had not been instructed to look into other alternatives.
The disposition of a juvenile rests within the discretion of the trial judge. His order will not be overturned unless it is contrary to the manifest weight of the evidence. (In re B.L. (1980), 90 Ill. App.3d 789.) Here, the court relied upon the minor's social history report and was aware of all alternatives known to the investigating official. The minor's commitment to the D.O.C. is supported by the evidence and will not be disturbed.
The judgment of the circuit court of Peoria County is affirmed.
Affirmed.
SCOTT and STOUDER, JJ., concur.